UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIAN FERNANDEZ,<br>       Petitioner,<br><br>       v.<br><br>SUPERINTENDENT LEE ESTOCK,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF MONTGOMERY, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>       Respondents. | :<br>:<br>:<br>:    No. 2:19-cv-05780<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                      **February 26, 2020**
**United States District Judge**

**I.      INTRODUCTION**

On July 26, 2019, Petitioner Julian Fernandez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his petition, Fernandez alleges four claims, three of which relate to his sentence and a fourth that relates to parole denial. On August 26, 2020, Magistrate Judge Thomas J. Rueter issued a Report and Recommendation on Fernandez's petition. Therein, Magistrate Judge Rueter recommends dismissal of claims one, two, and three as untimely and dismissal of claim four on the merits. After de novo review, this Courts adopts Magistrate Judge Rueter's Report and Recommendation as to all claims as further explained below. The Court writes separately to address Fernandez's objections to the Report and Recommendation, which are overruled. For those reasons, the petition is dismissed and denied.

**II.     BACKGROUND**

Following a non-jury trial in the Montgomery County Court of Common Pleas that concluded on April 27, 2009, Fernandez was found guilty of two counts of possession with intent

to distribute a controlled substance, two counts of possession of a controlled substance, and one count of possession of drug paraphernalia. *See* No. CP-46-CR-6474-2007. On November 9, 2009, Fernandez was sentenced to five to ten years imprisonment to be followed by five years of probation. *See id.* The sentence was imposed pursuant to 42 Pa. Cons. Stat. § 9712.1, which provided the mandatory minimum sentence for the offenses. *See* 42 Pa. Cons. Stat. § 9712.1(a). Fernandez appealed to the Pennsylvania Superior Court, and his conviction and sentence were affirmed on October 12, 2011. *See Commonwealth v. Fernandez*, 37 A.3d 1228 (Pa. Super. Ct. 2011) (unpublished memorandum). On May 24, 2012, the Pennsylvania Supreme Court denied Fernandez's petition for leave to appeal, and Fernandez did not seek certiorari to the United States Supreme Court. *See Commonwealth v. Fernandez*, 616 Pa. 633 (Pa. 2012).

In 2014, the sentencing practice under § 9712.1 was found unconstitutional by the Pennsylvania Superior Court. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. Ct. 2014) (finding § 9712.1 unconstitutional in light of *Alleyne v. United States*, 570 U.S. 99 (2013)). On September 24, 2014, Fernandez filed his first Pennsylvania Post Conviction Relief Act (PCRA) petition, lodging an *Alleyne* challenge to his sentence. *See Commonwealth v. Fernandez*, No. 3212 EDA 2015, 2016 WL 7495119, at *1 (Pa. Super. Ct. Dec. 30, 2016). On October 5, 2015, the PCRA court dismissed Fernandez's petition as untimely.[1] *See id.* The Superior Court affirmed on December 30, 2016, finding no exceptions applied to render Fernandez's petition

---

[1] PCRA petitions must typically be filed "within one year of the date the judgment of sentence becomes final." *See Fernandez*, 2016 WL 7495119, at *2 (citing 42 Pa. Cons. Stat. § 9545(b)(1)). However, where a petitioner contends that the Supreme Court of the United States or Pennsylvania Supreme Court has supplied a new constitutional right retroactively applicable to his claims, he must file within 60 days of the decision upon which he intends to rely. *See id.* (citing § 9545(b)(2)). With respect to Fernandez's first PCRA petition, the PCRA Court determined that Fernandez failed to file within 60 days of *Alleyne*, which was decided on June 17, 2013. *See id.*

timely filed.[2]  *See id.*  Fernandez filed a subsequent PCRA petition on February 22, 2017, lodging a similar *Alleyne* challenge.  *See Commonwealth v. Fernandez*, No. 2423 EDA 2018, 2019 WL 2447055, at *1 (Pa. Super. Ct. June 11, 2019).  The PCRA court again dismissed the petition as untimely, a decision that was affirmed by the Superior Court on June 11, 2019.  *See id.*

On May 9, 2017, during pendency of his second PCRA petition, Fernandez filed a federal habeas petition with this court.  *See Fernandez v. Bush*, No. 2:17-cv-02289, 2019 WL 275976, at *2 (E.D. Pa. Jan. 18, 2019).  Fernandez's federal petition set forth two claims: (1) that his sentence was unconstitutional and (2) that the sentencing statute under which he was sentenced was void for vagueness.  Magistrate Judge Thomas J. Rueter filed a Report and Recommendation, recommending that this Court dismiss Fernandez's first claim as untimely and dismiss his second claim as unexhausted.  *See id.* at *1.  This Court approved and adopted the Report and Recommendation of Magistrate Judge Thomas J. Rueter on January 18, 2019.  *See id.* at *3.

Fernandez then filed a "Motion under 28 U.S.C. § 2254 for Order Authorizing District Court to Consider Second or Subsequent Application for Relief" with the Third Circuit.  *See In re: Julian Fernandez*, No. 19-2783 (Order dated Sept. 10, 2019).  To the motion, Fernandez attached the new habeas petition that he wished to file.  On September 10, 2019, the Third Circuit issued an Order, deeming the motion seeking leave to file a second or successive petition unnecessary.  *See id.*  The Third Circuit determined that Fernandez's first federal habeas petition

---

[2]     The Superior Court also noted that, even if it considered the petition timely, Fernandez's *Alleyne* challenge to his sentence would still fail because "*Alleyne* does not apply retroactively to cases on collateral review where the petitioner's judgment of sentence had already become final."  *See Fernandez*, 2016 WL 7495119, at *3.

contained only unexhausted claims, and as such, the petition should have been dismissed in its entirety without prejudice. *See id.* The Third Circuit transferred Fernandez's newest petition to this Court with instruction that it be treated as filed as of July 26, 2019. *See* Order 12/6/2019, ECF No. 1.

Fernandez asserts four claims in the instant petition:

1. "Sentencing decision exceeds the statutory maximum in violation of the Eigth [sic] Amendment to the US Constitution and in violation of Due Process."

2. "The continued enforcement of a sentence which is wholly unauthorized by a valid law."

3. "The lack of notice and arbitrary enforcement of a criminal statute not pertaining to prior convictions is subject to a void for vagueness attack."

4. "The continued denial of parole for non-admittance of guilt that does not go towards the rehabilitative evaluation or risk to the community as a whole."

*See* Pet. 8-14, ECF No. 2.

Respondents filed a response to the petition on May 1, 2020. *See* Resp., ECF No. 18. Therein, Respondents argued that all of Fernandez's claims should be dismissed as untimely. *See id.* Pursuant to an Order from this Court, the Attorney General filed a response to the instant petition on August 5, 2020, which addressed Fernandez's fourth claim, the parole denial claim, on the merits. *See* AG Resp., ECF No. 28. On August 26, 2020, Magistrate Judge Thomas J. Rueter issued a Report and Recommendation on the instant petition. *See* R&R, ECF No. 30. Therein, Magistrate Judge Rueter, recommends dismissal of claims one through three as untimely and dismissal of claim four on the merits. *See id.* On September 9, 2020, Fernandez filed his objections to the Report and Recommendation. *See* Pet.'s Obj., ECF No. 31.

### III. LEGAL STANDARDS

#### A. Review of Petition of Habeas Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562

U.S. 594, 598 (2011) (internal quotations omitted); *see also* 28 U.S.C. § 2254(d);[3] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

    **C.**    **Law Governing the Timeliness of a Habeas Petition**

The AEDPA provides a one-year statute of limitations for habeas corpus petitions. *See* 28 U.S.C. § 2244(d). The statute also provides the factual predicates for the running of the limitations period in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.*

A petitioner's judgment becomes "final" under 2244(d)(1)(A) when the time for filing a writ of certiorari expires. *See Kapral v. United Sates*, 166 F.3d 565, 570-71 (3d Cir. 1999). Additionally, § 2244 tolls the limitations period during the pendency of a state post-conviction relief petition. *See* 28 U.S.C. § 2244(d)(2). Notwithstanding, the pendency of a state post-conviction petition does not toll the AEDPA limitations period once the AEDPA limitations period has already expired. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004).

Apart from the provisions of 2244(d)(1), the limitations period may be subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 647-49 (2010). Courts within this Circuit look for the following factors in determining whether equitable tolling is warranted:

>(1) whether the state actively mislead the petitioner into believing he had done everything required of him to assert his rights;

>(2) whether the petitioner has, in some extraordinary way, been prevented from asserting his rights; or

>(3) whether the petitioner timely asserted his rights but in the wrong forum.

*See Urcionli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008) (citing *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006)). The Third Circuit cautions that equitable tolling is to be granted sparingly. *See LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).

> B. **Review of Report and Recommendation with Objections**

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."[4]  28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016).  The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1)(C) (2009).

        **D.**      **Review of Fifth Amendment Right against Self-incrimination Claim**

Under the Fifth Amendment, "no person shall . . . be compelled in any criminal case to be a witness against himself . . . ."  U.S. Const. amend. V.  "Though a prisoner already may have been convicted and imprisoned for an offense, the Fifth Amendment still applies to ensure that the individual not be compelled to bear witness against himself or to divulge information that might incriminate him in future criminal proceedings."  *Roman v. DiGuglielmo*, 675 F.3d 204, 210 (3d Cir. 2012) (citing *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984)). To make out a Fifth Amendment violation, a petitioner must show "compulsion and use" of the incriminating statements.  *See id.*

The Third Circuit has addressed whether certain penalties against incarcerated individuals qualify as "compulsion" rising to the level of a Fifth Amendment violation.  *See Roman*, 675 F.3d at 213 (citing *McKune v. Lile*, 536 U.S. 24 (2017)).  The Third Circuit stated that

---

[4]  Following his objections to the Report or Recommendation, Fernandez filed a "Motion to Compel De Novo Determination."  *See* Mot. for De Novo Review, ECF No. 35.  Therein, Fernandez seeks to compel this Court to conduct a de novo review of those portions of the report and recommendation to which he objected.  *See id.* at 1.  Notwithstanding, 28 U.S.C. § 636(b)(1)(C) already compels this Court to review those portions de novo.  Accordingly, the motion to compel is dismissed.

> under *McKune*, those penalties that merely alter the degree of comfort or freedom that an inmate is afforded, within the context of his confinement, but that otherwise remain within the permissible bounds of the inmate's prescribed sentence, are differences in measure alone and thus do not amount to compulsion under the Fifth Amendment. . . . In contrast, penalties that go beyond the mere "unpleasant" and are different in kind than those conditions of confinement imposed on all prisoners—that strike at the core of an inmate's recognized entitlements, that threaten his bodily safety, or that impose additional punishment beyond that already imposed by fair judicial process—constitute impermissible compulsion under the Fifth Amendment.

*See Roman*, 675 F.3d at 214 (citing *McKune*, 536 U.S. 51-54 (O'Connor, J., concurring)).

In applying this analysis to the penalty of parole denial, the court first noted that there is no right or entitlement to parole under Pennsylvania Law. *See id.* Second, the court noted that the prisoner's sentence had not been lengthened beyond that imposed by the "fair judicial process" and the conditions of imprisonment remained unchanged. *See id.* Third, the court determined that the penalty is not "unique in its nature or severity. *See id.* at 215. In light of these principles, the Third Circuit determined that the prisoner's repeat denial of parole did not "rise to the level of compulsion necessary to violate the Fifth Amendment." *See id.* at 214.

### E. Review of Fourteenth Amendment Procedural Due Process Claim

The Fourteenth Amendment provides, in relevant part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV § 1. "The due process analysis starts with determining whether the liberty interest asserted is one that is protected by the Fourteenth Amendment." *Stephens v. Canino*, 71 F. Supp. 3d 510, 513 (E.D. Pa. 2014) (citing *Montanez v. Sec'y Dep't of Corr.*, 773 F.3d 472, 482–83 (3d Cir. 2014)). "Pennsylvania does not recognize 'a protected liberty interest, or due process rights, in parole until the inmate is actually released on parole.'" *Alford v. Laquise*, 604 F. App'x 93, 94 (3d Cir. 2015) (quoting *Nieves v. Pa. Bd. of Prob. & Parole*, 995 A.2d 412, 418 (Pa. Commw. Ct. 2010)).

F.  **Review of Fourteenth Amendment Substantive Due Process Claim**

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Newman v. Beard*, 617 F.3d 775, 782 (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). "Conduct can violate substantive due process if it 'shocks the conscience, which encompasses only the most egregious official conduct.'" *See id.* (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)). "As a threshold matter, a plaintiff must demonstrate that he possessed an interest protected by the due process clause." *See Grabiak v. Pa. State Police*, 276 F. App'x 210, 213 (3d Cir. 2008) (citing *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139-40 (3d Cir. 2000)).

"[T]he requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001). Additionally, "federal courts, on habeas review, are not to 'second-guess parole boards . . . .'" *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002) (quoting *Coady*, 251 F.3d at 487).

IV. **DISCUSSION**

A.  **Timeliness of Claims 1, 2, and 3**

Fernandez's first three claims relate to the constitutionality of his sentence. In his first claim, he asserts that his sentence exceeds the statutory maximum in violation of the Eighth Amendment and due process. In his second, he asserts that his sentence is based on a now-unconstitutional statute. Third, Fernandez asserts that the statute under which he was sentenced is void for vagueness. In the Report and Recommendation, Magistrate Judge Rueter determined that all three claims are untimely. Because Fernandez objects, this Court reviews the timeliness of these claims de novo.

Fernandez's conviction became final on August 22, 2012, the date on which his opportunity to file a writ of certiorari expired. *See Fernandez*, 2016 WL 7495119, at *1. Under 2244(d)(1)(A), Fernandez had one year from that date, until August 22, 2013, to file his habeas petition. On September 24, 2014, Fernandez filed his first PCRA petition. While filing of a PCRA petition would typically toll the habeas limitations period, the time to file a habeas petition had already expired. *See Fernandez*, 2016 WL 7495119, at *1. Therefore, Fernandez's PCRA petition does not toll the federal limitations period. *See Long*, 393 F.3d at 394-95. Fernandez did not file the instant habeas petition until July 26, 2019, well after the August 23, 2013 deadline. Therefore, Fernandez's petition is untimely absent any application of statutory or equitable tolling of the limitations period.

      **1.**      **Statutory Tolling**

A petitioner may seek statutory tolling of the habeas limitations period under any of the four enumerated exceptions in 28 U.S.C. § 2244(d)(1). Most applicable to claims one through three, under § 2244(d)(1)(C), a petitioner may file his or her petition within one year from "the date on which the constitutional right asserted was initially recognized by the Supreme Court," provided that the newly recognized right is retroactively applicable. *See* 28 U.S.C. § 2244(d)(1)(C). In his objections to the Report and Recommendation, Fernandez argues that he is owed statutory tolling on his first three claims. Notwithstanding, statutory tolling is not appropriate on claims one through three.

From Fernandez's petition, it is unclear which particular case Fernandez intended to rely on for statutory tolling of his first and second claims. Accordingly, the Report and Recommendation reviews several possibilities. *See* R&R 7-9. Following review of Fernandez's objections, it appears that Fernandez wishes to rely principally on *Commonwealth v. Barnes*, 151

A.3d 121 (Pa. 2016). [5] In *Barnes*, the Supreme Court of Pennsylvania addressed the legality of a sentence imposed pursuant to 42 Pa. Cons. Stat. § 9712.1 in light of the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013). *See Barnes*, 151 A.3d at 123-24. In *Barnes*, however, the court was not faced with an untimely habeas petition. *See id.* Rather, the issue before the court was whether the petitioner waived his *Alleyne* claim by failing to raise it in the first instance. *See id.* at 124.

Despite Fernandez's objections, *Barnes* cannot serve as the basis for statutory tolling. *Barnes* is a Pennsylvania Supreme Court decision, and the statutory tolling provisions of the AEDPA cover only rights that are newly recognized by the Supreme Court of the United States.[6] Therefore, statutory tolling of Fernandez's first and second claims is not warranted under *Barnes*.

As to Fernandez's void for vagueness claim, claim three, Fernandez invokes two different cases for the purpose of asserting that statutory tolling. Judging by his objections to the Report

---

[5] Although the Report and Recommendation reviewed the possibility that Fernandez intended to rely on *Alleyne v. United States*, 570 U.S. 99 (2013), Fernandez's objections read as if he did not intend to rely squarely on *Alleyne*. Rather, Fernandez seems to use *Alleyne* as a vehicle for arguing that *Barnes* should be retroactively applicable to his case. *See* Obj. 2 ("[T]he Commonwealth wrongly asserted the United States Supreme Court decision that controlled the outcome of "*Barnes*." In relying on *Alleyne v. United States* . . . , The Commonwealth strategically kept this decision procedural in nature, and not subject to retroactivity."). Fernandez goes on to suggest that *Barnes* is a "substantive decision that is made procedural because it is insulated by *Alleyne* . . . ." *See id.* Accordingly, this Court believes that Fernandez intends to rely on *Barnes* to trigger statutory tolling of his claims. Furthermore, this Court agrees with Magistrate Judge Rueter that Fernandez would not be entitled to statutory tolling under the other cases and adopts the Magistrate Judge's analysis.

[6] Moreover, even if it were a Supreme Court decision, *Barnes* does not recognize a petitioner's right to have their untimely *Alleyne* challenge heard. Rather, *Barnes* dealt exclusively with whether an *Alleyne* challenge to a mandatory sentence may be heard by an appellate court despite a petitioner's failure to raise the issue in the first instance in the lower courts. *See id.* at 127. The subject of *Barnes* is waiver, not a petitioner's failure to file within the statute of limitations. *See id.* Accordingly, even if it were a Supreme Court decision, *Barnes* would not warrant statutory tolling of Fernandez's claims.

and Recommendation, he argues that *Johnson v. United States*, 576 U.S. 591 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016) warrant statutory tolling of his third claim.  *See* Obj. 3.  Notwithstanding, these two cases are inapposite to Fernandez's claims.  Both *Johnson* and *Welch* dealt with sentencing under the Armed Career Criminals Act (ACCA).  *See Welch*, 136 S. Ct. at 1260-61 (deciding question of whether *Johnson*'s treatment of ACCA was substantive and therefore retroactive);  *Johnson*, 576 U.S. at 593 (deciding whether definition of "violent felony" in ACCA "survives the Constitution's prohibition of vague criminal laws").  Fernandez was not sentenced pursuant to the ACCA; rather, he was sentenced pursuant to 42 Pa. Cons. Stat. § 9712.1.  *See Fernandez*, 2016 WL 7495119, at *1 n.3.  Therefore, neither *Johnson* nor *Welsh* supplies a newly-recognized, retroactive constitutional right that is applicable to Fernandez's void-for-vagueness claim.  For that reason, neither case warrants statutory tolling of Fernandez's claim.

Finally, in a supplemental brief filed after his objections to the Report and Recommendation, Fernandez presents another case, arguing that its treatment of the void ab initio doctrine is applicable to his instant petition.  *See* Second Mot. to Supp., ECF No. 34 (citing *Commonwealth v. McIntyre*, 232 A.3d 609 (Pa. 2020)).  Notwithstanding, like *Barnes*, *McIntyre* is a Pennsylvania Supreme Court case, and accordingly, it cannot be used as a basis for tolling the habeas limitations period.[7]  Accordingly, tolling is not warranted under *McIntyre*.

### 2. Equitable Tolling

Fernandez next argues that the Court should apply equitable tolling to save his claims.  Principally, Fernandez asserts that he was misled into believing that he had done everything

---

[7] Additionally, as was the case in *Barnes*, *McIntyre* did not involve an untimely petition.  Rather, it explicitly involved a "timely PCRA" petition.  *See id.* at 613.

required of him to pursue his rights. *See* Obj. at 5. He states that "the Third Circuit Court of Appeals 'misled' the Petitioner 'into believing that he had done everything required of him.'" *See id.* (citing *Jones v. Martin*, 195 F.3d 153, 159 (3d Cir. 1999)). Fernandez refers specifically to the Third Circuit's order dated September 10, 2019.[8] *See* Obj. 5. Notwithstanding, even if this Court takes Fernandez's assertions as true, they do not warrant equitable tolling. The Third Circuit's Order comes six years beyond the August 22, 2013 deadline for Fernandez to file a habeas petition. Fernandez cannot reasonably claim that an order six years after the fact was the cause of his failure to file a timely petition.

Finding no grounds for statutory or equitable tolling, this Court, after de novo review, adopts the Report and Recommendation as to claims one through three as set forth above. Accordingly, claims one through three are dismissed as untimely.

### B. Review of Claim 4 on the Merits

In his fourth claim, Fernandez asserts that he was denied parole in violation of numerous rights. The Report and Recommendation reviewed Fernandez's claim as potentially sounding in his Fifth Amendment right against self-incrimination, Fourteenth Amendment due process rights, and substantive due process rights.[9] Following a de novo review of the claim on the merits, this

---

[8] The September 10, 2019 Order, which is reproduced on this Court's docket dated December 6, 2019, directed this Court to treat the instant petition as having been filed on July 26, 2019. *See* Order 12/6/2019.

[9] The Report and Recommendation notes that Fernandez's fourth claim may also be untimely. *See* R&R 11-12. Although the Third Circuit has provided guidance for measuring the limitations period related to parole denial claims, the factual circumstances of the guidance differ from those here. *See McAleese v. Brennan*, 483 F.3d 206 (3d Cir. 2007). In *McAleese*, the petitioner sought to extend the habeas limitations period for filing his parole denial claim by pointing to two parole denials that occurred *after* he had already filed his habeas petition. *See id.* at 217-18 (noting petitioner advanced of "continuing violation" theory with respect to parole denial claim). The Third Circuit rejected the application of a continuing violation theory to parole denial claims. *See id.* Given that McAleese was denied parole only once prior to filing,

Court agrees that Fernandez fails to state a valid claim under any of these theories. Accordingly, claim four is denied.

### 1.     Fifth Amendment Right against Self-Incrimination Claim

To the extent Fernandez claims that the denial of parole violates his right against self-incrimination, he has failed to state a valid claim. Fernandez must start by showing that he was compelled to provide incriminating statements. *See Roman*, 675 F.3d at 214. Here, Fernandez's denial of parole for failing to accept responsibility or show remorse for his offenses—among other reasons—does not rise to the level of compulsion required for a Fifth Amendment claim to lie. *See id.* at 214-15. First, the Court reiterates that there is no right to parole under Pennsylvania law. *See id.* Furthermore, Fernandez's sentence was not lengthened by the denial of parole insofar as it remains within the range prescribed by the sentencing court. *See id.* Finally, the Court notes that denial of parole for these reasons is not an unusually unique or harsh penalty. *See id.* Therefore, the penalty of parole denial, under the circumstances presented in Fernandez's case, does not rise to the level of compulsion required to state a Fifth Amendment self-incrimination claim.

Accordingly, Fernandez's right against self-incrimination was not violated by the parole board's denial of parole based on a finding that Fernandez did not accept responsibility or show remorse for his offenses.

---

the Third Circuit determined that the clock began to run after McAleese was denied parole that first time. *See id.*

Here, unlike *McAleese*, Fernandez was denied parole twice *prior* to his filing of the instant petition: March 29, 2018 and March 18, 2019. Although the first denial occurred more than a year before Fernandez filed his petition, the second is within the limitations period. For that reason, this Court reviews the claim on the merits.

### 2. Fourteenth Amendment Due Process Claim

To the extent Fernandez claims that the denial of parole violates his due process rights, he has also failed to state a claim. In order to make out a claim of this type, Fernandez would need to "establish a protected liberty interest in the expectation of release on parole." *See Alford*, 604 F. App'x at 94 (citing *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011)). Pennsylvania does not recognize a protected liberty interest in parole until the inmate has already been released on parole. *See id.* (citing *Nieves*, 995 A.2d at 418). Therefore, because Fernandez does not have a constitutionally protected liberty interest in parole, he cannot establish a Fourteenth Amendment due process claim.

### 3. Fourteenth Amendment Substantive Due Process Claim

To the extent Fernandez claims that denial of parole violated his substantive due process rights, his claim again fails. As a threshold matter, Fernandez needs to make out an interest protected by the Fourteenth Amendment. *See Grabiak*, 276 F.3d at 213 (citing *Nicholas*, 227 F.3d at 139-40). As noted immediately above, Pennsylvania does not recognize a protected liberty interest in parole unless and until the inmate is released on parole. *See Alford*, 604 F. App'x at 94 (citing *Nieves*, 995 A.2d at 418). Thus, Fernandez fails to establish the threshold requirement to a substantive due process claim.

Accordingly, having reviewed Fernandez's fourth claim de novo, this Court adopts the Report and Recommendation as to the fourth claim, and this claim is denied.

### V. CERTIFICATE OF APPEALABILITY

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x

224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).  "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, claims one through three are untimely, and Fernandez's fourth claim is meritless. Additionally, for the reasons set forth above, Fernandez has not made any substantial showing of the denial of a constitutional right, nor would jurists of reason find this Court's review of his claims debatable or wrong.  Therefore, a Certificate of Appealability shall not issue.

**VI.   CONCLUSION**

Following de novo review of Fernandez's claims, his petition is dismissed and denied in its entirety.  Fernandez's first three claims are untimely, and none of them present appropriate cases for statutory or equitable tolling.  Fernandez's fourth claim is without merit.  Accordingly, the claims are dismissed and denied.  Finally, a Certificate of Appealability shall not issue.

A separate Order follows.

                                                              BY THE COURT:


                                                              */s/ Joseph F. Leeson, Jr.*
                                                              JOSEPH F. LEESON, JR.
                                                              United States District Judge