UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIAN FERNANDEZ, : | |
|     Petitioner, : | |
|     v. : | No. 2:19-cv-05780 |
| SUPERINTENDENT LEE ESTOCK, : | |
| THE DISTRICT ATTORNEY OF THE : | |
| COUNTY OF MONTGOMERY, and : | |
| THE ATTORNEY GENERAL OF THE : | |
| STATE OF PENNSYLVANIA, : | |
|     Respondents. : | |

**O R D E R**

**AND NOW**, this 26th day of February, 2021, upon consideration of Petitioner's Petition for Writ of Habeas Corpus, ECF No. 2, Respondent's Response to the Petition, ECF No. 18, the Attorney General's Response to the Petition, ECF No. 28, Petitioner's First Motion to Supplement, ECF No. 20, the Report and Recommendation of Magistrate Judge Thomas J. Rueter, ECF No. 30, Petitioner's Objections thereto, ECF No. 31, Petitioner's letter-request for appointment of counsel, ECF No. 33, Petitioner's Second Motion to Supplement, ECF No. 34, Petitioner's Motion to Compel De Novo Determination, ECF No. 35, and for the reasons set forth in this Court's Opinion issued this date, **IT IS ORDERED THAT**:

1. Petitioner's First Motion to Supplement, ECF No. 20, is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** to the extent that it asks the Court to consider supplemental materials, but it is **DENIED** to the extent Petitioner seeks immediate release.

2. Petitioner's letter-request for appointment of counsel, ECF No. 33, is **DENIED** without prejudice.[1]

3. Petitioner's Second Motion to Supplement, ECF No. 34, is **GRANTED**.

4. Petitioner's Motion to Compel De Novo Determination, ECF No. 35, is **DISMISSED**.

5. The Report and Recommendation, ECF No. 30, is **ADOPTED** as set forth in this Court's Opinion.

6. The Petition for Writ of Habeas Corpus, ECF No. 2, is **DISMISSED in part and DENIED in part**. Claims one through three are **DISMISSED** as untimely. Claim four is **DENIED** on the merits.

7. There is no basis for the issuance of a certificate of appealability.

8. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] Prisoners do not have a constitutional or statutory right to appointment of counsel in federal post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In its discretion, however, the court may grant counsel if the interests of justice so require and such person is financially unable to obtain representation. *See* 18 U.S.C. § 3006A(a)(2)(B) (2008). "Under these guidelines, the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991). The court should consider "the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Id.* "Perhaps the most significant of [the factors] is the plaintiff's ability to present his or her case." *See Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993)). Here, all but one of Petitioner's claims are untimely. The only remaining claim lacks any merit under any of the three theories of relief Petitioner presents. Finding no merit to the only timely claim, the appointment of counsel would not be in the interest of justice. Therefore, the motion for counsel is denied.